# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50191 | **DATE** | 3/18/2002 |
| **CASE TITLE** | FLOORE, M.D. vs. MERCY HEALTH SYSTEM CORP. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the parties' cross-motions for summary judgment are denied. The parties are directed to schedule a settlement conference with the Magistrate Judge within 30 days.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | number of notices | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| X | Notices mailed by judge's staff. | | MAR 18 2002 | | 48 |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | 3-18-02 | | |
| | | courtroom deputy's initials | date mailed notice | | |
| /SEC | | | | | |

FILED-WD
02 MAR 18 PM 2:52
CLERK
U.S. DISTRICT COURT

Date/time received in central Clerk's Office
mailing deputy initials

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, Cynthia Floore, M.D., filed a complaint in Illinois state court against defendant, Mercy Health Systems Corporation, alleging defendant breached a 1999 employment contract. As plaintiff is a citizen of Illinois and defendant is a Wisconsin corporation with its principal place of business in Wisconsin, and the amount in controversy exceeds $75,000.00, defendant removed the case to this court. See 28 U.S.C. §§ 1332, 1441. Venue is proper as the alleged events occurred in this district and division. See 28 U.S.C. § 1391. Defendant filed a counterclaim seeking to recover certain losses and for payment of a loan plaintiff had with defendant. The parties agree Illinois law applies and have filed cross-motions for summary judgment on the complaint and counterclaim.

Plaintiff worked as an Urgent Care physician for defendant under an "Employment Agreement" entered into by the parties on May 7, 1999 ("Agreement") (Pl. LR 56.1(a), Exh. A, Wand Aff., Exh. 2). She claims defendant breached the Agreement when it terminated her on September 20, 1999, for failing to prepare medical records for patients she saw before the effective date of the Agreement, but while working for defendant under a previous employment contract signed in 1996 ("1996 Contract") (Pl. LR 56.1(a), Exh. A, Wand Aff., Exh. 1). Defendant maintains the termination was properly for cause since the Agreement required plaintiff to prepare these records. Plaintiff contends her obligation to prepare those records ended on the termination date of the 1996 Contract and, therefore, failing to prepare them was not a valid basis for terminating the Agreement.

The court found previously, in ruling on defendant's motion to dismiss, that the Agreement was ambiguous as to whether or not plaintiff was required to complete medical records for services rendered prior to the effective date of the Agreement. The motions for summary judgment have not resolved the ambiguity.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See Hall v. Bodine Elec. Co., 276 F.3d 345, 352 (7th Cir. 2002) All facts are construed, and all reasonable inferences drawn, in favor of the nonmoving party. Id.

It is evident the Agreement terminated the parties' obligations to each other under the 1996 Contract. The terms of the Agreement cited by defendant in support of its contention plaintiff was obligated to complete pre-Agreement records are essentially the same as those that were contained in the 1996 Contract. (Def. LR 56.1(a) ¶¶ 5,6) If, as defendant argues, plaintiff was required to create certain records within certain time parameters under the Agreement due to certain provisions of the Agreement requiring plaintiff to comply with defendant's policies and with accrediting agencies' rules, she was also required to do so under the 1996 Contract. So, if plaintiff was obligated to prepare these records within twenty-four hours of seeing a patient, as defendant states (Id., ¶ 9), her obligation to do so would have been in existence, as of the termination of the 1996 Contract, for every patient seen prior to the termination. The effect of termination under the 1996 Contract, which is specifically referenced in paragraph 1.2 of the Agreement , is set forth in paragraph 2.2(a) of the 1996 Contract. It says in relevant part "all obligations on the part of either party shall cease on the date of such termination except as otherwise expressly provided in [the 1996 Contract]" (Pl. LR 56.1(a), Exh. A, Wand Aff., Exh. 1, ¶ 2.2(a)) Contract terms are given their plain meaning under Illinois law. See Bourke v. Dun & Bradstreet Corp., 159 F.3d 1032, 1038 (7th Cir. 1998) (applying Illinois law). Defendant was aware there were some delinquent medical records at the time it negotiated the Agreement (Ripsch Decl. ¶ 4), but still drafted and executed the Agreement expressly terminating the 1996 Contract pursuant to the above stated termination provision. This provision, given its plain meaning, extinguished all obligations of the parties under the 1996 Contract except as otherwise expressly provided in the 1996 Contract. Defendant does not assert the 1996 Contract provided for the survival of an obligation to prepare medical records required under the 1996 Contract. Plaintiff's obligation to prepare records for patients seen before the 1996 Contract termination was extinguished by the termination.

However, this does not resolve the case. Paragraph 2.2(a) of the Agreement provides in part that plaintiff "shall perform such duties as are normally performed by physicians acting in similar capacities at similar systems, and as may be assigned to her by Mercy from time to time in connection with the conduct of its business; such duties shall include, but are not limited to, the duties described on the job description attached hereto as Exhibit A and incorporated herein by reference." Defendant argues that it could, and did, require plaintiff to prepare the records under this provision. Plaintiff contends preparing the records was beyond the scope of this provision. The evidence presented by the parties does not resolve this issue.

On its face, paragraph 2.2(a), would seem to allow defendant to assign plaintiff the task of preparing these medical records. However, the evidence defendant presents is more directed at proving plaintiff was in default of her obligations under the 1996 Contract than at showing plaintiff was assigned the task of record preparation under the Agreement. The evidence does show a direction to plaintiff on August 3, 1999, to finish incomplete chart dictations by August 17, 1999. This notice does not specify that the dictation required is for patients seen under the 1996 Contract, but plaintiff apparently understood this to be the case. (Pl. LR 56.1(b), Exh. A, Pl. Dep. p. 71) Defendant then gave plaintiff a notice of material breach, as required by the Agreement, on August 20, 1999, advising that failure to complete the records by September 20, 1999, would result in termination. The record does not show whether the time frame for completing the records was reasonable and set in good faith. Neither party has shown it is entitled to judgment as a matter of law on plaintiff's breach of contract action. Resolution of defendant's counterclaims depends on the disposition of the breach of contract action.

Because genuine issues of material fact exist, the parties' cross-motions for summary judgment are denied. The parties are directed to schedule a settlement conference with the magistrate judge within 30 days.